## SHELTON v. THE STATE OF OHIO.

*Criminal law—First degree murder—Evidence—Motive—Defendant fugitive from justice.*

Testimony that defendant on trial for killing a police officer is an escaped convict and fugitive from justice, and that there is an indictment pending against him in another state for assault with intent to murder a police officer, is admissible solely to show motive for the act of killing; fear of discovery and return being a motive for taking the life of an officer.

(Decided March 20, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. James G. Stewart* and *Mr. M. C. Lykins,* for plaintiff in error.

*Mr. Louis H. Capelle* and *Mr. Charles S. Bell,* for defendant in error.

BY THE COURT.  The plaintiff in error, Ludie Clifford Shelton, alias James Shelton, was indicted, tried and convicted of murder in the first degree, without recommendation of mercy.  There were two counts in the indictment, one charging the killing of one William H. Dieters, a police officer, with deliberation and premeditation; the other, killing such officer while perpetrating, or attempting to perpetrate a robbery.

Two grounds of error are urged:

*First*: That the verdict was against the weight of the evidence, and not sustained by sufficient evidence.

*Second*: That certain testimony was admitted in

chief as to an indictment pending against the defendant in Alabama, for assault with intent to murder a police officer, and as to defendant being an escaped convict, a fugitive from justice.

An examination of the record does not show that the verdict was against the weight of the evidence, or that the verdict was not sustained by sufficient evidence.

The testimony, admitted over objection of defendant, would be competent if it proved or tended to prove motive; otherwise, it was prejudicial. This testimony was admitted upon the theory that it would tend to show motive, that defendant feared, if arrested, the police officer or others in his department were likely to discover the fact that the defendant was wanted in Alabama as an escaped convict, and wanted for trial on an indictment for felony, to-wit, assault with intent to commit murder. The fear of discovery and return would be sufficient motive for taking the life of a police officer.

The court in charging the jury limited their consideration of this evidence solely to the question of proving or attempting to prove a motive for the act of the killing, as alleged in the indictment. Under this charge, we find there was no error prejudicial to the plaintiff in error.

The judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.